**IT IS ORDERED as set forth below:**



**Date: August 27, 2021**

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| BROWN INDUSTRIES, INC., | ) | CASE NO. 21-41010-pwb |
| | ) | |
| Debtor. | ) | |
| | ) | |

**AMENDED INTERIM ORDER ON DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND NOTICE OF FINAL HEARING**

This matter came before the Court for hearing at 9:30 a.m. on August 26, 2021 (the "**Hearing**") on the *Motion for Authority to Use Cash Collateral* (the "**Motion**") filed on August 23, 2021 [Dkt. No. 16], by the Debtor, Brown Industries, Inc. (the "**Debtor**"), in the above-captioned Chapter 11 case, (1) requesting authority to use Cash Collateral (as defined below) pursuant to Section 363 of Title 11 of the United States Code (the "**Bankruptcy Code**"); and (2) seeking authorization to provide adequate protection to Brown Corporation, BWR Holding, and Leonard J. Fabiano II (collectively, the "**Lenders**"), purported secured lender under, among other

documents, a Receivables-Backed Working Capital Facility (the "**Facility**"), and to First American Commercial Bancorp, Inc. ("**First American**"), purported secured lender under, among other documents, a Master Lease Agreement dated as of April 28, 2016 (the "**Lease**").

Based upon the Court's consideration of the Motion, and all matters brought to the Court's attention at the Hearing, pursuant to Rules 4001(b) and (d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and after due deliberation and consideration, the Court, based on the representations made on an interim basis, makes the following findings of fact and conclusions of law applicable to the Debtor's use of Cash Collateral (to the extent any findings of fact constitute conclusions of law, they are adopted as such, and *vice versa*).

A. **Petition Date**.  On August 20, 2021 (the "**Petition Date**"), the Debtor filed with the Court its voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code and is continuing to manage its properties and to operate its business as debtor-in-possession pursuant to Section 1184 of the Bankruptcy Code.  A Subchapter V Trustee was appointed on August 23, 2021 [Dkt. No. 6].

B. **Pre-Petition Debt and Liens**.

The Lenders assert that as of the Petition Date the Debtor was indebted to the Lenders under the Facility for loans to the Debtor in excess of $4.7 million (the "**Pre-Petition Debt**").  As security for the payment of the Pre-Petition Debt, the Lenders assert that the Debtor granted to the Lenders pursuant to the Facility and related documents (collectively, the "**Pre-Petition Loan Documents**"), security interests in and liens (collectively, the "**Pre-Petition Lenders' Liens**") upon all of the Debtor's interests in certain real property and certain accounts, payment intangibles, instruments, intercompany claims, and other rights to receive payments of the Debtor, together

with all cash and non-cash proceeds thereof (collectively, the "**Pre-Petition Lenders' Collateral**").

First American asserts that as of the Petition Date the Debtor was indebted to First American under the Lease in excess of $225,000 (the "**Lease Obligations**"). As security for the payment of the Lease Obligations, First American asserts that the Debtor granted to First American pursuant to the Lease and related documents (collectively, the "**Pre-Petition Lease Documents**"), security interests in and liens (collectively, the "**Pre-Petition First American Liens**") upon all of the Debtor's interests in all of the Debtor's assets, including accounts, payment intangibles, instruments, intercompany claims, and other rights to receive payments of the Debtor, together with all cash and non-cash proceeds thereof (collectively, the "**Pre-Petition First American Collateral**").

      C.     **<u>Need for Use of Cash Collateral</u>**. The Debtor requires the use of Cash Collateral to continue operating its business, including making payroll, paying vendors and suppliers for post-petition obligations, and meeting ordinary working capital expenses. Potentially irreparable harm to the Debtor, its creditors and its estate may occur absent authorization for the use of Cash Collateral.

      D.     **<u>Service of Motion; Objections</u>**. The Debtor has certified that copies of the Motion and notice of the Hearing have been served by electronic mail, telecopy transmission, hand delivery, overnight courier or first class United States mail upon the Lenders, First American, the 20 largest unsecured creditors in the Case, the U.S. Trustee and other interested parties. The Court finds that notice of the Motion, as it relates to this Order, is sufficient for all purposes under the Bankruptcy Code and the Bankruptcy Rules, including, without limitation, Sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b) and (d).

E. **Finding Cause**. Good cause has been shown for the entry of this Order, the granting of adequate protection as set forth herein and authorization for the Debtor to use Cash Collateral during the Interim Period (as defined below). The Debtor's need for use of Cash Collateral is ongoing, immediate and critical. Entry of this Order will preserve the assets of Debtor's estate and its value and is in the best interests of the Debtor, its creditors and the Debtor's estate.

F. **Jurisdiction; Core Proceeding; Venue**. This Court has jurisdiction to enter this Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding, as defined in 28 U.S.C. § 157(b)(2). Venue for this Chapter 11 case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

G. **Adequate Protection**. The Lenders and First American have requested and are entitled, at this point in the proceedings, to adequate protection of their interests (if any) in the Pre-Petition Lender's Collateral and the Pre-Petition First American Collateral under Sections 361 and 363 of the Bankruptcy Code, as set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. **Grant of Motion; Use of Cash Collateral**.

(a) Subject to all of the terms, conditions and limitations of this Order, the Debtor shall be authorized to use Cash Collateral (as defined below) for Permitted Purposes (as defined below) during the period (the "**Interim Period**") commencing on the Petition Date, and ending on the date of the Final Hearing (defined below). The Interim Period may be extended by written agreement of the Debtor, the Lenders and First American.

(b) The term "**Cash Collateral**" shall mean all monies (i) in the possession of the Debtor on the Petition Date consisting of Pre-Petition Lenders' Collateral and Pre-Petition First American Collateral, and (ii) received by the Debtor after the Petition Date in respect of or arising out of Debtor's use, sale, consumption, collection, or other disposition of any Pre-Petition Lenders' Collateral, Pre-Petition First American Collateral or Replacement Collateral (as defined below).

(c) The term "**Permitted Purposes**" shall mean the use by the Debtor of Cash Collateral in the ordinary course of the Debtor's business solely for the purposes of supporting the Debtor's ongoing working capital needs, to the extent and up to the amounts set forth in the budget attached to this Order (as may be amended with the written consent of the Lenders, First American and the Debtor, the "**Budget**"), including a ten percent (10%) permitted variance on aggregate disbursements during any calendar week. Expenses not paid in prior weeks may be carried over in subsequent weeks in the Budget. Notwithstanding the foregoing, no Cash Collateral may be used pursuant to the Budget or otherwise to pay any pre-petition claim against the Debtor other than amounts specifically approved by the Court after notice and hearing.

2. **Collection of Accounts Receivable**. The Debtor shall diligently attempt to collect all of its pre-petition and post-petition accounts receivable and all other rights to the payment of money and shall cause all such collections remitted by its customers and other account obligors to be promptly deposited in the Debtor's debtor in possession accounts, which may consist of deposit accounts in existence prior to the Petition Date and used in connection with the Debtor's pre-petition cash management system.

3. **Cash Collateral Subject to Pre-Petition Liens**. Until expended by the Debtor, all Cash Collateral shall remain subject to the liens and claims (if any) of the Lenders under the Pre-

Petition Loan Documents, of First American under the Pre-Petition Lease Documents and this Order.

4. **Termination of Use of Cash Collateral**. The Debtor's authority to use Cash Collateral shall automatically terminate for all purposes upon the soonest to occur of the following events or conditions: (i) the Interim Period expires; (ii) a Chapter 11 trustee is appointed (other than a Subchapter V Trustee); (iii) this Chapter 11 case is converted to a Chapter 7 case or dismissed; (iv) the Court enters an order prohibiting the use of Cash Collateral by the Debtor; or (v) this Order is amended, vacated, stayed, reversed or otherwise modified.

5. **Adequate Protection**. As adequate protection for any diminution in the value of the Lenders' interests in the Pre-Petition Lenders' Collateral and First American's interests in the Pre-Petition First American Collateral, including, without limitation, any diminution resulting from the use of Cash Collateral, the Lenders and First American are hereby granted (in the same priority (if any) as existed in the Pre-Petition Lenders' Collateral and the Pre-Petition First American Collateral, and only to the extent that the pre-petition liens and interests of the Lenders and First American are valid, binding, enforceable and non-avoidable), pursuant to Sections 361, 362 and 363 of the Bankruptcy Code, valid, binding, enforceable and automatically perfected liens on and security interests in (collectively, the "**Adequate Protection Liens**") all personal property of the Debtor that is of a kind or nature described as Collateral in the Pre-Petition Loan Documents and the Pre-Petition Lease Documents, whether existing or arising prior to, on or after the Petition Date (the "**Replacement Collateral**"). Notwithstanding the foregoing, the Replacement Collateral shall not include any claims or causes of action of the Debtor under 11 U.S.C. §§ 544, 547, 548 or 550 ("**Avoidance Actions**") or any proceeds of any of such claims or causes of action ("**Avoidance Proceeds**"). The Adequate Protection Liens shall at all times be senior to the rights

of the Debtor and any successor trustee or estate representative of the Debtor's estate, and any security interest or lien upon the Debtor's assets that is avoided or otherwise preserved for the benefit of the Debtor's estate under Section 551 or any other provision of the Bankruptcy Code shall be subordinate to the Adequate Protection Liens.  Subject to the provisions of this Order, including, without limitation, the provisions of Paragraph 8, the Adequate Protection Liens and all claims, rights, interests, administrative claims and other protections granted to or for the benefit of the Lenders and First American pursuant to this Order and the Bankruptcy Code shall constitute valid, enforceable, non-avoidable and duly perfected security interests and liens.  The Lenders and First American shall not be required to file or record financing statements, mortgages, deeds to secure debt or similar instruments which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession or control, to validate and perfect such security interests and liens.

    6.  **Access to Premises and Records; Reporting**.

    (a)  The Lenders and First American and their respective representatives and agents (including, without limitation, employees, officers, legal counsel, appraisers, auditors, accountants, and consultants) shall be authorized, during normal business hours upon reasonable notice, to conduct on-site field examinations in order to inspect and evaluate the Debtor's property and financial records.

    (b)  The Debtor will continue to provide to the Lenders and First American all reporting as may be required under the Pre-Petition Loan Documents and the Pre-Petition Lease Documents.

    7.  **Survival of Provisions of This Order**.  The provisions of this Order and any action taken pursuant to the terms hereof shall survive the entry of any order dismissing this Chapter 11 case or converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, and all

of the terms and conditions of this Order as well as the liens and security interests granted pursuant hereto shall continue in this or in any superseding case under the Bankruptcy Code, and such liens and security interests shall retain their priorities provided by this Order until satisfied and discharged.

8. **Reservation of Rights**. Nothing in this Order shall constitute or be construed to (a) be an admission by the Lenders or First American as to the adequacy of the protection provided herein; (b) prohibit the Lenders or First American from seeking any further relief in this Chapter 11 case, including, without limitation, additional adequate protection, dismissal or conversion, relief from the automatic stay under Section 362(d) of the Bankruptcy Code, the appointment of a trustee or examiner, or the taking of any Bankruptcy Rule 2004 examinations; (c) constitute a waiver by the Debtor of the right to request in a further interim or final order on Cash Collateral provisions which may be different from or in addition to any of the provisions contained in this Order; or (d) preclude the Debtor, any creditor, any Committee or any subsequently appointed trustee from objecting to or otherwise challenging the validity, perfection, avoidability or amount of the obligations to, or liens asserted by, the Lenders or First American.

9. **Order Immediately Effective; Survival**. Notwithstanding anything to the contrary in the Bankruptcy Rules or otherwise, the effectiveness of this Order shall not be stayed, and this Order shall be immediately effective upon its entry. The provisions of this Order shall survive any dismissal or conversion of this Chapter 11 case.

10. **Notice of Final Hearing; Service of Order**. **A final hearing on the Motion will be held at 11:00 a.m. on September 29, 2021** (the **"Final Hearing"**). **The Final Hearing shall be conducted via Zoom using Judge Bonapfel's Virtual Hearing Room. A link to connect to Judge Bonapfel's Virtual Hearing Room is available on his webpage at**

**https://www.ganb.uscourts.gov/content/honorable-paul-w-bonapfel. Please join the virtual room 10 minutes prior to the hearing. If you experience difficulty in connection, please contact the law clerk via email at beth_harrill@ganb.uscourts.gov or by telephone at (404) 215-1020.** Promptly after the entry of this Order, the Debtor shall serve a copy of this Order and a notice of the Final Hearing, upon the parties served with the Motion, and the Debtor shall file a certificate of service regarding same with the Clerk of the Court.  Such service shall constitute good and sufficient notice of the Final Hearing.

**END OF DOCUMENT**

Prepared and presented by:

SCROGGINS & WILLIAMSON, P.C.


By:   /s/ J. Robert Williamson
      J. ROBERT WILLIAMSON
      Georgia Bar No. 765214
      ASHLEY REYNOLDS RAY
      Georgia Bar No. 601559
      MATTHEW W. LEVIN
      Georgia Bar No. 448270

4401 Northside Parkway, Suite 450
Atlanta, GA 30327
T: (404) 893-3880
F: (404) 893-3886
E: rwilliamson@swlawfirm.com
   aray@swlawfirm.com
   mlevin@swlawfirm.com

*Proposed Counsel for the Debtor*

## Distribution List

Ashley R. Ray
SCROGGINS & WILLIAMSON, P.C.
4401 Northside Parkway
Suite 450
Atlanta, GA  30327

OFFICE OF THE UNITED STATES TRUSTEE
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Gary Murphey
SUBCHAPTER V TRUSTEE
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30330

**Brown Industries, Inc.**
*Cash Analysis and 6 Week Projected*
*As of August 23, 2021*

| | | Week of | | | | | |
|---|---|---|---|---|---|---|---|
| Week beginning | | 08/23/21 | 08/30/21 | 09/06/21 | 09/13/21 | 09/20/21 | 09/27/21 |
| Week Ending | TOTAL | 08/27/21 | 09/03/21 | 09/10/21 | 09/17/21 | 09/24/21 | 10/01/21 |
| **Beginning Cash** | | **1,148,887** | **891,862** | **1,200,757** | **1,262,935** | **1,532,913** | **1,670,796** |
| Projected Receipts from AR | 2,670,803 | 313,322 | 607,298 | 471,592 | 521,549 | 315,580 | 441,463 |
| Hourly P/R - Gross (less 401k Projection) | (588,274) | (163,693) | (161,128) | (87,818) | (87,818) | (87,818) | - |
| Salary Payroll - Gross (less 401k Projection) | (460,095) | (156,272) | - | (114,664) | - | - | (189,159) |
| Payroll - Employer P/R Taxes | (85,075) | (27,255) | (12,548) | (16,127) | (6,827) | (6,827) | (15,490) |
| 401K Contributions - HRLY | (19,755) | (4,280) | (4,416) | (4,306) | (2,251) | (2,251) | (2,251) |
| 401K Contributions - SAL | (22,256) | - | (8,411) | - | (7,845) | - | (6,000) |
| Employee Expense Reimbursement | (9,000) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) |
| Bank Fees/Merchant Fees | (2,400) | (2,400) | - | - | - | - | - |
| Leases - FAEF | (46,342) | (29,647) | - | - | - | - | (16,695) |
| Leases - DeLage fork lease | (330) | - | - | - | (330) | - | - |
| Leases - Wells Fargo | (4,800) | - | (2,400) | - | - | - | (2,400) |
| Workers' Comp Claims | (26,000) | - | (26,000) | - | - | - | - |
| Accounting & Tax Preparation | (28,000) | - | - | (28,000) | - | - | - |
| Legal & Professional | - | - | - | - | - | - | - |
| Raw Materials and Supplies | (150,000) | (25,000) | (25,000) | (25,000) | (25,000) | (25,000) | (25,000) |
| Medical Claims | (263,000) | (38,000) | (50,000) | (75,000) | (50,000) | (50,000) | - |
| Rent | (236,000) | (118,000) | - | - | - | - | (118,000) |
| Sales Tax | (55,000) | - | - | (55,000) | - | - | - |
| Fuel | (3,000) | (500) | (500) | (500) | (500) | (500) | (500) |
| Broadband | (4,600) | (2,300) | - | - | - | (2,300) | - |
| Utilities | (68,000) | - | - | - | (68,000) | - | - |
| Waste Services | (10,000) | - | (5,000) | - | - | - | (5,000) |
| Miscellaneous | (9,000) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) |
| **Ending Cash** | **579,877** | **891,862** | **1,200,757** | **1,262,935** | **1,532,913** | **1,670,796** | **1,728,764** |